IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS RAY RIGSBY, JR., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) No. CIV-21-575-R ) |
| THE GREAT STATE OF OKLAHOMA, et al. | ) ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff a state pretrial detainee appearing *pro se* and *in forma pauperis* filed this action asserting the violation of his constitutional rights by three Defendants: (1) the state of Oklahoma; (2) the State of California; and (3) any state using "after former" convictions to "twice" punish people.[1] Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On July 13, 2021, Judge Erwin issued a Report and Recommendation wherein he recommended that the Complaint be dismissed pursuant to 28 U.S.C. § 1915A(e) and § 1915(e)(2)(B) for failure to state a claim. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, which gives rise to the Court's obligation to undertake a de novo review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this review, the Court finds as follows.

---

[1] "Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).

Certain background that provides context to Plaintiff's Complaint is necessary, the Court having gleaned this information from the numerous cases Plaintiff has filed in this District as well as from reviewing the online court dockets from the District Court of Custer County, Oklahoma and the District Court of Oklahoma County. Plaintiff is currently awaiting trial in the District Court of Custer County in Case No. CF-2020-123, where he stands charged with murder in the first degree, after former conviction of two or more felonies.[2] In this case he requests that the State of Oklahoma, the State of California—by virtue of its three strikes law—and any other state using prior convictions to increase or enhance sentences, be forced to forego these systems. He also requests monetary relief from the states.

In the form Complaint Plaintiff checked the space indicating that the basis for the Court's jurisdiction is *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Report and Recommendation correctly notes that *Bivens* permits a claim against a federal official in his or her individual capacity, not a claim against the State. Accordingly, *Bivens* provides no basis for Plaintiff's Complaint to proceed.

Furthermore, even if the Court were to construe Plaintiff's Complaint as having been filed pursuant to 42 U.S.C. § 1983, none of the named Defendants would be properly before the Court by virtue of the Eleventh Amendment. The Eleventh Amendment "accord[s] states the respect owed them as joint sovereigns," by granting immunity to

---

[2] At page 3 of the Report and Recommendation Judge Erwin cites to CF-2003-2175 as a case involving Defendant from the District Court of Custer County. Petitioner was convicted in CF-2003-2175 in the District Court of Oklahoma County. The Court hereby declines to adopt that particular finding, however, the misstatement has no impact on the outcome of the case.

nonconsenting states from suits in federal court. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted). "Eleventh Amendment immunity applies ... whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Id*. (citations omitted). Neither Oklahoma nor California has waived its Eleventh Amendment immunity and the "third defendant", which is not an identifiable entity, likely has not either. *See Hensel v. Office of the Chief Admin. Hearing Officer*, 38 F.3d 505, 508 (10th Cir. 1994) (Oklahoma); *Brown v. Cal. Dep't of Corr.*, 551 F.3d 747, 752 (9th Cir. 2007)(California)(citations omitted).  Thus, Plaintiff could not proceed on his claims even if they were construed as arising under 42 U.S.C. § 1983.

Plaintiff requests that the Court appoint counsel for him pursuant to 28 U.S.C. § 1915. The Court hereby DENIES Plaintiff's motion. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). In deciding whether to appoint counsel, the Court evaluates the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and his ability to investigate the facts and present his claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 10th Cir. 1995). Having concluded that the Defendants are entitled to Eleventh Amendment immunity the appointment of counsel is unwarranted.

The Report and Recommendation is adopted to the extent it is consistent with the above and this action is hereby DISMISSED.

**IT IS SO ORDERED** this 21st day of September 2021.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE